07 CV 11051

JUDGE CEDARBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IMPAXX, INC.,

        Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

        Defendant.

Case No. _____

RECEIVED DEC 0 6 2007 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, Impaxx, Inc. ("Impaxx"), through its undersigned counsel, for its Complaint against Defendant, Federal Insurance Company ("Federal" or "Defendant"), allege as follows:

### PRELIMINARY STATEMENT

1. As described in detail herein, Plaintiff purchased retrospective Workers' Compensation and Employer's Liability Insurance Policies from Federal.

2. Plaintiff brings this action in which it seeks damages for: (i) breach of contract; (ii) negligent performance of contract; and (iii) breach of fiduciary duty. Specifically, Plaintiff seeks damages primarily for the fees, damages, and other expenses it was forced to incur due to Federal's improper administration of Plaintiff's workers' compensation claims.

NJDOCS-51134.4

## THE PARTIES

3. Impaxx is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Fullerton, California.

4. Upon information and belief, Federal is a wholly owned "member insurer" of the Chubb Group of Insurance Companies, and is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Warren, New Jersey.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## BACKGROUND

7. Since 1999, Plaintiff has purchased retrospective Workers' Compensation and Employer's Liability Insurance Policies from Federal (the "Policies"). A primary purpose in purchasing such insurance has been to secure Federal's purported expertise in the administration and handling of workers' compensation claims. A copy of the policy purchased by Plaintiff for the period from October 1, 2003 to October 1, 2004 is annexed hereto as Exhibit A.

## The Policies

### *Federal's Obligations/Representations*

8. Under the Policies, Federal was obligated to defend Plaintiff against claims arising under state workers' compensation laws. In carrying out this duty, Federal was obligated to investigate workers' compensation claims against Plaintiff and to manage the defense of those claims.

9. Federal represented to Plaintiff that it was an expert in the field of workers' compensation claims administration and defense.

10. As an expert, Federal's obligations in administrating Plaintiff's worker's compensation claims included, among others:

   a. Thoroughly investigating and processing all legitimate claims promptly and without delay;

   b. Communicating with Plaintiff and any parties claiming benefits under the workers' compensation laws as soon as practical to gather information to adjudicate the claim;

   c. Performing all services under the Policies in a fiduciary capacity by using due care and its best efforts in the performance of its obligations under the Policies.

   d. Maintaining complete records of all transactions under the Policies.

11. Plaintiff trusted and relied on Federal to carry out its obligations under the Policies in a fiduciary capacity.

12. Plaintiff trusted and relied on Federal to exercise fairness and good faith in the discharge of its duties under the Policies.

13. Plaintiff placed a special trust and confidence in Federal's purported expert abilities in the field of workers' compensation claims administration and defense.

### *Plaintiff's Obligations*

14. Plaintiff's obligations under the Policies included paying Federal an estimated premium at the inception of the contract and retrospective premium payments based upon loss experience under the Policies.

### Federal's Failure To Perform Its Contractual Obligations

15. Federal failed to comply with its obligations under the Policies as set forth above. Specifically, Federal failed to conduct itself in accordance with those performance levels established by the Policies and failed to respond timely to Plaintiff's workers' compensation claims.

16. Federal acted in a dilatory and unprofessional manner with respect to its administration of Plaintiff's workers' compensation claims under the Policies.

17. In particular, Federal failed to comply with its obligations under the Policies in connection with its investigation and handling of certain New

York claims for Impaxx involving Impaxx's former subsidiary, Impaxx Pharmaceutical Packaging Group, Inc. d/b/a Arlington Press ("Arlington"). Due to its mishandling of these Arlington claims, there were overpayments of claims and attendant increases in costs to Plaintiff in excess of at least $1.6 million. Federal's failures included:

    a.    Slow response time with investigations;

    b.    No documentation that the adjustor was controlling the file;

    c.    Poor management of nurses;

    d.    Little to no management of defense counsel;

    e.    No sign of pro-active claims handling, e.g., on-going investigation left up to nurse care managers and supervisor reminders;

    f.    Gaps in file activity;

    g.    Poor communication with client on potential exposures;

    h.    No response to supervisor reviews despite repeated requests;

    i.    No communication on settlement demand;

    j. Lack of Action Plans documented in files, especially when file went into litigation; and,

    k. Nurse case managers authorized treatment without adjustor approval.

  18. Such conduct on the part of Federal was in breach of its obligations under the Policies to, among other things, act with expertise, professionally, as Plaintiff's fiduciary, and to comply with all federal, state and local laws, ordinances, regulations, rules, and the like.

  19. Federal's failure to properly process workers' compensation claims under the Policies has resulted in substantial damages to Plaintiff.

## COUNT I: BREACH OF CONTRACT

  20. Plaintiff repeats and realleges paragraphs 1 through 19, as if fully set forth herein.

  21. Among other things, the Policies obligated Defendant to: (i) conduct itself as an expert in the field of claims' administration; (ii) act professionally and as Plaintiff's fiduciary; (iii) achieve acceptable agreed upon performance levels and claims' response times; and (iv) comply with all federal, state and local laws, ordinances, regulations, rules, and the like.

  22. Defendant failed to comply with its obligations under the Policies as described above.

23. Plaintiff has complied with all of their payment and other obligations under the Policies.

24. Federal's dilatory, negligent, and unprofessional performance of its duties is in breach of the Policies and has resulted in substantial damages to Plaintiff.

25. Plaintiff thus is entitled to compensatory and other resulting damages, as well as pre- and post-judgment interest in an amount to be determined at trial.

## COUNT II: NEGLIGENT PERFORMANCE OF CONTRACT

26. Plaintiff repeats and realleges paragraphs 1 through 25, as if fully set forth herein.

27. Federal represented to Plaintiff that it was an expert in the field of workers' compensation claims administration and defense, and agreed to perform its obligations under the Policies in a fiduciary capacity.

28. Federal was obligated under the Policies to conform to the highest professional and ethical standards and to use due care and best efforts in its performance of its duties under the Policies.

29. Federal failed to perform its obligations under the Policies with the level of skill, care, and diligence commensurate with that of an expert in the field of claims administration and defense.

30. Federal failed to perform its obligations with even an ordinary level of skill, care, diligence, and workmanship.

31. Federal's failure to act under the Policies with even an ordinary level of skill, care, diligence and workmanship has resulted in substantial damages to Plaintiff.

32. Plaintiff thus is entitled to compensatory and other resulting damages, as well as pre- and post-judgment interest in an amount to be determined at trial.

### COUNT III: BREACH OF FIDUCIARY DUTY

33. Plaintiff repeats and realleges paragraphs 1 through 32, as if fully set forth herein.

34. Federal agreed to perform all of its services and guarantees under the Policies in a fiduciary capacity and thus owed Plaintiff a fiduciary obligation.

35. Plaintiff trusted and relied on Federal to carry out its obligations under the Policies in a fiduciary capacity.

36. Plaintiff trusted and relied on Federal to exercise fairness and good faith in the discharge of its duties under the Policies.

37. Plaintiff placed a special trust and confidence in Federal's purported expertise in the field of workers' compensation claims administration and defense.

38. Federal failed to comply with its fiduciary obligations under the Policies.

39. Federal's dilatory, negligent, and unprofessional performance of its contractual obligations is in breach of its fiduciary duties to Plaintiff and has resulted in substantial damages to Plaintiff.

40. Plaintiff thus is entitled to compensatory and other resulting damages, as well as pre- and post-judgment interest in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests judgment as follows:

1. On Count I:

    (a) compensatory damages in an amount to be determined at trial;

    (b) other resulting damages in an amount to be determined at trial; and

    (c) pre- and post-judgment interest.

2. On Count II:

    (a) compensatory damages in an amount to be determined at trial;

    (b) other resulting damages in an amount to be determined at trial; and

    (c) pre- and post-judgment interest.

3. On Count III:

    (a) compensatory damages in an amount to be determined at trial;

    (b) other resulting damages in an amount to be determined at trial; and

    (c) pre- and post-judgment interest.

4. With respect to all Counts:

    (a) reasonable attorneys' fees and the costs and disbursements of this action; and

    (b) such other and further relief as this Court may deem just and proper.

JURY TRIAL DEMANDED.

Dated: December 5, 2007

By: _____
John B. Berringer
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000

Attorneys for Plaintiff
IMPAXX, INC.