COZEN O'CONNOR
WILLIAM P. SHELLEY (WS 3024)
1900 Market Street
Philadelphia PA 19103
Telephone: (215) 665-4142
Facsimile:  (215) 701-4142

*Attorneys for Defendant*
*Federal Insurance Company*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IMPAXX, INC.                                                          :
                                                                      :
                 *Plaintiff,*                               :    **ANSWER,**
                                                                      :    **AFFIRMATIVE DEFENSES**
                                                                      :    **AND COUNTERCLAIM OF**
   -against-                                                        :    **FEDERAL INSURANCE CO.**
                                                                      :
FEDERAL INSURANCE COMPANY                                             :    **07 CV 11051 (MGC)**
                                                                      :
                *Defendant.*                                :
-----------------------------------------------------------------------X

      Defendant, Federal Insurance Company ("Federal"), by and through its undersigned counsel, Cozen O'Connor, does hereby answer Plaintiff Impaxx, Inc.'s ("Impaxx") Complaint, as follows:

## PRELIMINARY STATEMENT

      1.    Federal admits the allegations contained in paragraph 1 and it refers to the relevant policies of insurance for the exact terms and conditions thereof.

      2.    Federal denies the allegations contained in paragraph 2, except that it admits that Plaintiff's Complaint asserts the three causes of action specified.

## THE PARTIES

3. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Federal denies the allegations contained in paragraph 4, and it states that Federal Insurance Company is an Indiana corporation with its principal place of business in New Jersey. It further states that "Chubb Group of Insurance Companies" is a trade name, not a corporate entity.

## JURISDICTION AND VENUE

5. Federal admits to the allegations contained in paragraph 5.

6. Federal admits to the allegations contained in paragraph 6.

## BACKGROUND

7. Federal admits that Plaintiff purchased Workers' Compensation policies from Federal beginning in 1999 and continuing for annual policy years until 2005 and it refers to such policies for the exact terms and conditions thereof. By way of further answer, Federal lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 7, including Plaintiff's purpose in purchasing workers' compensation insurance, and such allegations are therefore denied.

**The Policies**

*Federal's Obligations/Representations*

8. Federal admits the allegations contained in paragraph 8 and it refers to the relevant policies of insurance for the exact terms and conditions thereof.

9. Federal denies the allegations contained in paragraph 9.

10. Federal denies the allegations contained in paragraph 10, except it admits that Federal is obligated to perform its contractual obligations in accordance with the terms and conditions of the policies of insurance issued to Plaintiff.

11. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except Federal specifically denies that it served in a fiduciary capacity in connection with its performance of obligations under the terms of the insurance policies or held itself out as an expert in the field of claims administration and defense.

*Plaintiff's Obligations*

14. Federal admits the allegations contained in paragraph 14, and it states that Plaintiff was obligated to reasonably cooperate with Federal in the administration of its workers' compensation claims and to otherwise perform in accordance with the term of the insurance policies which Plaintiff purchased from Federal.

**Federal's Failure to Perform Its Contractual Obligations**

15. Federal denies the allegations contained in paragraph 15.

16. Federal denies the allegatons contained in paragraph 16.

17.     (a)-(k)  Federal denies the allegations contained in paragraph 17.

18.     Federal denies the allegations contained in paragraph 18.

19.     Federal denies the allegations contained in paragraph 19.

## COUNT I:  BREACH OF CONTRACT

20.     Federal repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.     Federal denies the allegations contained in paragraph 21, and it states that Federal's contractual obligations are contained in the policies of insurance issued to Plaintiff and it refers to such policies for the exact terms and conditions thereof.

22.     Federal denies the allegations contained in paragraph 22.

23.     Federal denies the allegations contained in paragraph 23.

24.     Federal denies the allegations contained in paragraph 24.

25.     Federal denies the allegations contained in paragraph 25.

## COUNT II:  NEGLIGENT PERFORMANCE OF CONTRACT

26.     Federal repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     Federal denies the allegations contained in paragraph 27.

28. Federal denies the allegations contained in paragraph 28, and it states that Federal's contractual obligations are contained in the policies of insurance issued to Plaintiff and it refers to such policies for the exact terms and conditions thereof.

29. Federal denies the allegations contained in paragraph 29.

30. Federal denies the allegations contained in paragraph 30.

31. Federal denies the allegations contained in paragraph 31.

32. Federal denies the allegations contained in paragraph 32.

## COUNT III:  BREACH OF FIDUCIARY DUTY

33. Federal repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Federal denies the allegations contained in paragraph 34.

35. Federal denies the allegations contained in paragraph 35.

36. Federal denies the allegations contained in paragraph 36.

37. Federal denies the allegations contained in paragraph 37.

38. Federal denies the allegations contained in paragraph 38.

39. Federal denies the allegations contained in paragraph 39.

40. Federal denies the allegations contained in paragraph 40.

**WHEREFORE**, Defendant, Federal Insurance Company, demands judgment on Plaintiff's Complaint dismissing same with prejudice and granting Federal such further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each count of the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## **FIRST COUNTERCLAIM**

## **CONTINGENT COUNTERCLAIM FOR BREACH OF CONTRACT**

1.      The policies of insurance issued by Federal to Plaintiff require the payment by Plaintiff to Federal of retrospective premiums based on the actual loss history for claims covered by the policy at times and in amounts specified in the policies.

2.      Although Plaintiff has made certain retrospective premium payments to Federal, additional retrospective premium payments are now due and payable and have been duly invoiced as of January 23, 2008 for loss runs valued as of September 20, 2007 in the total amount of $464,290.

3.      All conditions precedent to the payment of such additional, invoiced retrospective premiums have been satisfied.

4.      Although Plaintiff, through its allegations in the Complaint, appears to repudiate its obligations to make these payments and future similar payments, Federal elects, as is its right, not to declare a present breach by Plaintiff of its contractual obligations, but rather to await timely performance by Plaintiff of its contractual obligations, including its obligation to promptly pay the invoiced amounts referenced above.

5.      In the event that Plaintiff fails to make timely payment of the January 23, 2008 invoice, Federal counterclaims for breach of contract.

WHEREFORE, in the event the January 23, 2008 invoice is not promptly paid, Federal demands judgment against Plaintiff in the amount of $464,290, together with interest, costs of suit and such other and further relief as the Court deems appropriate.

**SECOND COUNTERCLAIM**

**DECLARATORY JUDGMENT AS TO RETROSPECTIVE PREMIUMS
NOT YET INVOICED FOR EXPENSES ALREADY INCURRED**

1. In addition to amounts invoiced and outstanding, there are additional retrospective premiums that will become due as such amounts are invoiced for additional claims/loss payments that already have been made by Federal.

2. Federal therefore seeks a declaration that such retrospective premium payments relating to amounts that Federal already has incurred in connection with claims, and that will become due and payable, are properly due and payable and must be paid to Federal by Plaintiff promptly following invoicing.

WHEREFORE, Federal demands judgment declaring that such retrospective premium payments that become due and payable in the future for additional claims/loss payments that already have been made by Federal are properly due and payable, and must be paid to Federal by Plaintiff promptly upon invoicing.

JURY TRIAL DEMANDED ON COMPLAINT AND COUNTERCLAIMS.

 Respectfully submitted,

 COZEN O'CONNOR

 BY: /s/ *William . Shelley*_____
 William P. Shelley, Esquire (WPS 3024)
 1900 Market Street
 Philadelphia, PA  19103
 (215) 665-2000 phone
 (215) 701-2442 fax
 wshelley@cozen.com

 Attorneys for Defendant,
 Federal Insurance Company

Dated:  February 1, 2008

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on February 1, 2008, a true and accurate copy of Defendant Federal Insurance Company's Answer, Affirmative Defenses and Counterclaim was filed electronically with the Clerk of the Court using the ECF system. The document is available for reviewing and downloading from the ECF system. I also certify that on February 1, 2008, hard copies of the foregoing were served via email and regular mail upon the following:

John B. Berringer<br>
Anderson Kill & Olick, P.C.<br>
1251 Avenue of the Americas<br>
New York, New York 10020

                              /s/ William P. Shelley_____
                              WILLIAM P. SHELLEY