John B. Berringer (JB3164)
Jennifer Katz (JK 2004)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
*Attorneys for Plaintiff Impaxx, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IMPAXX, INC.,                              :   07 CV 11051 (MGC)
                    Plaintiff,             :
                                            :
        - against -                         :
                                            :   **PLAINTIFF'S FIRST REQUEST**
FEDERAL INSURANCE COMPANY                   :   **FOR PRODUCTION DIRECTED**
                                            :   **TO DEFENDANT**
                                            :
                    Defendants.             :
                                            :
------------------------------------------------------------X

Plaintiff, Impaxx, Inc. ("Impaxx"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Federal Insurance Company ("Federal" or "Defendant"), produce the following items for inspection and copying at the offices of Reed Smith, LLP, 599 Lexington Avenue, New York, NY 10022, within the time prescribed by the applicable Federal Rules of Civil Procedure.

## DEFINITIONS

As used in these Requests for Production, the following words and phrases shall mean and include the following when capitalized in the text. Words that are not defined herein shall have the meanings given to them in common usage within the context in which they are used.

A.   DOCUMENT means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including correspondence, memoranda, notes, logs, messages, letters, facsimiles,

email, telegrams, minutes, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, bulletins, papers, books, publications, journals, diaries, calendars, ledgers, records, files, microfilm, computer data files, printouts, vouchers, accounting statements, invoices, books of account, electrical recordings, checks, deposit slips, pleadings, electronic transmissions, and all other tangible things upon which any handwriting, typing, printing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored, or produced, including audio and video recordings and computer-stored information, whether or not in printout form. These terms shall also include copies of documents even though the originals are not in your possession, custody, or control and every copy of a document that contains handwritten or other notations or that otherwise does not exactly duplicate the original or any other copy, along with all attachments to any document. These terms also include drafts, originals, or copies (with any notes or changes thereon), that are in your or any of your agent's, employee's, affiliate's or representative's, including your attorney's, possession, custody, or control.

B.   IDENTIFY means, as to a person, state the full name, address and telephone number, social security number, date of birth and, if applicable, relationship to the DEFENDANTS. As to a DOCUMENT, IDENTIFY means (1) describe it sufficiently to enable its production to be requested and IDENTIFY the custodian thereof or (2) attach a true copy of said DOCUMENT(S) to your answers.

C.   YOU or YOUR or DEFENDANT refers to Federal Insurance Company, its agents, employees, insurance companies, including its agents and its employees, attorneys, accountants, investigators, and anyone else acting on its behalf.

D.   PERSON refers to the plural as well as the singular and means any natural person,

firm, association, partnership, corporation, business, trust, public entity, or other form of legal entity.

  E. AGENT means any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

  F. REPRESENTATIVE shall include both the singular and plural and shall mean: (a) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel, or any agent of such persons, and (b) any other persons acting or purporting to act on behalf of, or in concert with, such persons, including, without limitation, insurance brokers or agents, actuaries and consultants of any type.

  G. "PERTAIN TO," "PERTAINING TO," "EVIDENCE," "EVIDENCING," "RELATED TO," "RELATING TO," "REGARD," and "REGARDING" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

  H. FEDERAL shall refer to Federal Insurance Company, Defendant in the above captioned action, and all of its past or present parents, subsidiaries, divisions, affiliates, officers, directors, executives, attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

  I. PLAINTIFF or IMPAXX refers to Impaxx, Inc., Plaintiff in the above captioned action and all of its attorneys, accountants, agents, consultants, representatives and any and all persons or entities acting or purporting to act for or on its behalf.

  J. ARLINGTON refers to Impaxx's former subsidiary, Impaxx Pharmaceutical Packaging Group, Inc. d/b/a Arlington Press, and all of its past or present parents, subsidiaries,

divisions, affiliates, officers, directors, executives, attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

K.  AON shall refer to Aon Risk Services, and all of its past or present parents, subsidiaries, divisions, affiliates, officers, directors, executives, attorneys, accountants, agents, consultants, representatives, and any and all persons or entities acting or purporting to act for or on its behalf.

L.  CLAIMS MANUALS shall mean, without limitation, instructional materials, guidelines, procedures or other Document, used for guidance, reference or training by persons involved in the handling of claims or potential claims under Retrospective Workers' Compensation and Employer's Liability Insurance Policies, however denominated, that were prepared or used by Federal Insurance Company at any time during the period 1999 to the present.

M.  "And" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

N.  "Each" shall mean "each," "every," "any" and "all."

## INSTRUCTIONS

1.  You are requested to produce all documents which are in your possession, custody or control, including, but not limited to, documents in the possession, custody or control of your attorneys, investigators, agents, representatives, or any other person or entity acting on your behalf.

2.  If you object to fully identifying a document or oral communication because of a rule, privilege, immunity or other reason, for each document partially or entirely withheld

provide the following information:

    a.    the nature of the privilege claimed (including work product);

    b.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege being invoked;

    c.    the date of the document or oral communication;

    d.    if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e.    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f.    the general subject matter of the document or oral communication.

3.    If it is maintained that any document that is requested has been destroyed, IDENTIFY the document and set forth the contents of the document, the date of the destruction, the purpose of the destruction and the name of the person(s) who authorized or directed such destruction.

4.    If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

5.    This request is a continuing one. If after producing documents, you become aware of any further documents that are responsive to the document requests, you are required to produce such additional documents.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS, including, but not limited to letters, e-mails or other written communications, between YOU and PLAINTIFF and ARLINGTON.

2. The claims or case files, however denominated, RELATING TO workers' compensation claims against ARLINGTON from 1999 to the present and any Documents that FEDERAL used, reviewed or prepared in connection with the administration, investigation and defense of such claims, including, but not limited to, any conclusions or determinations made by DEFENDANT following its investigation of such claims.

3. All DOCUMENTS reflecting communications with any PERSON that RELATE TO the workers' compensation claims against ARLINGTON from 1999 to the present, including, but not limited to, communications with defense counsel for such claims.

4. FEDERAL'S CLAIMS MANUALS, including, but not limited to, manuals or guides provided to persons conducting the administration and defense of any workers' compensation claims under retrospective workers' compensation and employer's liability insurance policies.

5. All DOCUMENTS reviewed by AON RELATED TO the workers' compensation claims against ARLINGTON from 1999 to the present, including, but not limited to, DOCUMENTS reviewed in preparation of AON's audit report/file review and FEDERAL'S September 26, 2007 response to same.

6. All DOCUMENTS RELATED TO the performance reviews of FEDERAL'S employees from 1999 to the present, including, but not limited to, annual reviews and bonus awards.

7.     All DOCUMENTS supporting the factual basis for YOUR denial of the allegations set forth in Paragraphs 9, 10, 13, 15-19, 21-24, 27-31, and 34-39 of the Complaint.

8.     All DOCUMENTS supporting, refuting, or otherwise RELATING TO all Affirmative Defenses contained in YOUR Answer.

9.     To the extent not encompassed by the preceding requests, all DOCUMENTS that evidence or relate to any damages YOU allegedly sustained as a result of Plaintiff's actions.

Dated: New York, New York
       March 24, 2008

REED SMITH LLP

By: /s/ Jennifer D. Katz

John B. Berringer, Esq. (JB3164)
Jennifer D. Katz, Esq. (JK 2004)
599 Lexington Avenue
New York, NY 10022-7650
Telephone: 212.521.5400
Facsimile: 212.521.5450

*Attorneys for Plaintiff
Impaxx, Inc.*

-7-

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on March 24, 2008, a true and accurate copy of Plaintiff Impaxx, Inc.'s First Request For Production Directed To Defendant was filed electronically with the Clerk of the Court using the ECF system. I also certify that on March 24, 2008, a copy of the foregoing document was served via ECF and e-mail upon counsel of record for Defendant:

William P. Shelley, Esq.  
Cozen O'Connor  
1900 Market Street  
Philadelphia, PA 19103-3508  
Telephone: 215-665-2000  
Facsimile: 215-665-2013  
wshelley@cozen.com  
*Attorneys for Defendant, Federal Insurance Company*

                                      /s/ Jennifer D. Katz  
                                      Jennifer D. Katz, Esq. (JK 2004)