John B. Berringer, Esq.
Jennifer D. Katz, Esq.
REEDSMITHLLP
599 Lexington Avenue
New York, NY 10022-7650
Telephone:   +1 212 521 5400
Facsimile:   +1 212 521 5450

Counsel for Impaxx, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMPAXX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | Case No.: 07 CV 11051 (MGC) <br><br> **PLAINTIFF'S REPLY TO COUNTERCLAIM OF FEDERAL INSURANCE CO.** |

Plaintiff Impaxx, Inc. ("Plaintiff" or "Impaxx"), by and through its attorneys, Reed Smith LLP, as and for their Reply to Counterclaim of Defendant Federal Insurance Company ("Defendant" or "Federal") hereby alleges as follows:

**DEFENDANT'S FIRST COUNTERCLAIM**
**CONTINGENT COUNTERCLAIM FOR BREACH OF CONTRACT**

1.  Denies the allegations contained in Paragraph 1 of Defendant's First Counterclaim and refers to the relevant policies of insurance for the exact terms and conditions thereof.

2.  Denies the allegations contained in Paragraph 2 of Defendant's First Counterclaim, except admits that Plaintiff made retrospective premium payments to Federal, admits that Federal sent an invoice to Plaintiff on or about January 23, 2008 for $464,290, and states that Plaintiff has scheduled this amount for payment on April 4, 2008.

3.  Denies the allegations contained in Paragraph 3 of Defendant's First Counterclaim and refers to the Complaint for the basis for this denial.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Defendant's First Counterclaim.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Defendant's First Counterclaim. The allegations in this paragraph do not require a response.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. Defendant has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. Defendant's counterclaim is barred by the doctrines of waiver, laches, and/or estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant's counterclaim fails because it breached the Insurance Policies it sold to Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Defendant's counterclaim is barred by its unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Defendant's counterclaim is barred because Plaintiff fully performed its obligations under the Insurance Policies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. Defendant's counterclaim fails because it is premature and does not present a present case or controversy.

## DEFENDANT'S SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT AS TO RETROSPECTIVE PREMIUMS NOT YET INVOICED FOR EXPENSES ALREADY INCURRED

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Defendant's Second Counterclaim.

2. Denies the allegations contained in Paragraph 2 of Defendant's Second Counterclaim, except admits that Defendant purports to seek a declaratory judgment.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. Defendant has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. Defendant's counterclaim is barred by the doctrines of waiver, laches, and/or estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. Defendant's counterclaim fails because it breached the Insurance Policies it sold.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. Defendant's counterclaim is barred by its unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. Defendant's counterclaim is barred because Plaintiff fully performed its obligations under the Insurance Policies.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. Defendant's counterclaim fails because it is premature and does not present a present case or controversy.

WHEREFORE, Plaintiff demands judgment dismissing the Counterclaims in their entirety, with costs and disbursements awarded to Plaintiff, and for such other and further relief as the court deems proper.

Dated: New York, New York
      March 25, 2008

REED SMITH LLP

By: /s/ Jennifer D. Katz

John B. Berringer, Esq. (JB3164)
Jennifer D. Katz, Esq. (JK 2004)
599 Lexington Avenue
New York, NY 10022-7650
Telephone: 212.521.5400
Facsimile: 212.521.5450

*Attorneys for Plaintiff
Impaxx, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2008, a true and accurate copy of PLAINTIFF'S REPLY TO COUNTERCLAIM OF FEDERAL INSURANCE CO. was filed electronically with the Clerk of the Court using the ECF system. I also certify that on March 25, 2008, a copy of the foregoing document was served via ECF upon counsel of record for Defendant:

William P. Shelley, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508
Telephone: 215-665-2000
Facsimile: 215-665-2013
wshelley@cozen.com
*Attorneys for Defendant, Federal Insurance Company*

/s/ Jennifer D. Katz
Jennifer D. Katz, Esq. (JK 2004)