# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

Jean M. Farrell
Direct Phone: +1 212 205 6031
Email: jfarrell@reedsmith.com

May 9, 2008

**By Electronic Filing**

Honorable Miriam Goldman Cedarbaum
United States District Judge
United States Courthouse
500 Pearl Street, Room 1330
New York, NY 10007

**Impaxx, Inc. v. Federal Insurance Company, United States District Court, Southern District of New York, 07 Civ. 11051 (MGC)**

Dear Judge Cedarbaum:

    In accordance with your direction at the pre-motion conference held in the above-captioned case on Tuesday, May 6, 2008, we are writing on behalf of Plaintiff Impaxx, Inc. ("Impaxx") to set forth the bases for Impaxx's position that it would be premature for defendant Federal Insurance Company ("Federal") to file a motion for summary judgment on Impaxx's claims in this action prior to the completion of discovery.

    Federal seeks to move for summary judgment on the grounds that New York law does not recognize a cause of action for breach of implied duty, negligence or breach of fiduciary duty in connection with the mishandling of worker compensation claims, relying upon <u>Liberty Mutual Insurance Co. v. Thalle Construction Co., Inc.</u>, 116 F.Supp.2d 495, 501-502 (S.D.N.Y. 2000), and <u>Employers Insurance Co of Wausau v. Crouse-Comm. Center, Inc.</u>, 489 F.Supp.2d 176 (N.D.N.Y. 2007). <u>See</u> Letter, dated, April 23, 2008, from William P. Shelley to Honorable Miriam Goldman Cedarbaum (the "April 23 Letter"). As Your Honor recognized at Tuesday's conference however, whether or not a policyholder can maintain a claim for overpayment of retrospective premiums based on an insurance company's mishandling of worker compensation claims is a question of fact. Discovery has only just begun in this case, and no depositions have yet been taken by either side.

    In this case, Impaxx has alleged that, as a result of Federal's mishandling of four worker compensation claims, Impaxx was forced to pay $1.6 million more than it would have had to pay had the claims been handled properly. Impaxx asserts that, among many other failings, Federal failed to adequately manage and assist defense counsel, to inform Impaxx of settlement demands, and to pursue settlement demands in a timely fashion. Impaxx has noticed several depositions of Federal personnel with knowledge of the manner in which Federal handled these claims, and how that impacted the outcome of those claims. Impaxx also intends to present expert evidence to demonstrate how the manner in which Federal

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

NYLIB-8022007.1-JMFARREL 5/9/08 4:16 PM

Honorable Miriam Goldman Cedarbaum
May 9, 2008
Page 2

ReedSmith

handled the claims resulted in damage to Impaxx. Impaxx asserts that it is entitled under New York law to present such evidence in support of its claims, and that any motion for summary judgment before Impaxx has had an opportunity to fully develop the evidence thus is premature.

For instance, Federal asserts that there is no cause of action under New York law for breach of fiduciary duty in connection with handling of a worker compensation claim. See April 23 Letter. In Employers Ins. Co. of Wausau v. Crouse-Community Center, Inc., 489 F.Supp.2d 176, 180 (N.D.N.Y. 2007), however, a case relied upon by Federal in its April 23 Letter, the court held that, although the general rule is that there is no fiduciary relationship created by a contractual relationship, such as that between an insurance company and policyholder under a retrospective premium policy, whether there is such a relationship in a particular case is a question of fact that requires discovery. The court thus refused to strike the policyholder's affirmative defense of breach of fiduciary duty, finding that an insurance company's representation of a policyholder in a worker compensation hearing may be sufficient to give rise to a fiduciary duty, and that the policyholder is entitled to discovery to "elicit the facts needed to show whether or not [the insurance company] breached a fiduciary duty in [that] case":

> Despite the general rule that an insurer owes no fiduciary duty to the insured, "there are instances where a fiduciary relationship springs into existence" under circumstances where there is a special relationship of trust and confidence between the parties. Rabouin, 699 N.Y.S.2d at 657. Such a relationship exists and a fiduciary duty is created when the insurer undertakes the responsibility of representing the insured in the context of litigation. See Hartford Accident & Indem. Co. v. Michigan Mut. Ins. Co., 93 A.D.2d 337, 462 N.Y.S.2d 175, 178 (1st Dep't 1983). "The basis for the fiduciary obligation is quite clear in the litigation context, for the insurer is undertaking to represent the insured's interests." Dornberger, 961 F. Supp. at 546.
>
> A similar situation exists here. Although Wausau's representation of Crouse before the Second Injury Fund was not litigation in a strict sense, this Court sees no discernable difference in Wausau's representation of Crouse in a state administrative proceeding and the traditional litigation context. Wausau's representation of Crouse before the Second Injury Fund left Crouse at Wausau's mercy in perfecting and following through on the application and in all subsequent proceedings before the state. A successful application to the Second Injury Fund would have limited Crouse's liability; therefore, such a proceeding was similar to defending Crouse in litigation in both the position of the parties and in the potential result. Discovery will elicit the facts needed to show whether or not Wausau actually breached a fiduciary duty in this case; however, Crouse sufficiently pleads a relationship under which such a duty existed, and,

Honorable Miriam Goldman Cedarbaum
May 9, 2008
Page 3

ReedSmith

        therefore, Wausau's motion to strike Crouse's sixth affirmative defense must be denied.

<u>Employers Ins. Co. of Wausau v. Crouse-Community Center, Inc.</u>, 489 F.Supp.2d 176, 180 (N.D.N.Y. 2007) (emphasis added). Here, as in <u>Crouse-Community Center</u>, Impaxx should be entitled to discovery to elicit facts need to show that Federal breached a fiduciary duty in this case.

        Federal also asserts that New York law does not recognize a cause of action for bad faith in connection with handling of a worker compensation claim. In <u>Continental Insurance Co. v. Tollman-Hundley Hotels Corp.</u>, 636 N.Y.S.2d 319 (1st Dep't 1996), <u>appeal denied</u>, 88 N.Y.2d 801, 666 N.E.2d 1366 (N.Y. 1996), however, the First Department of the Appellate Division recognized the legal validity of a counterclaim in a retrospective premium dispute based upon the insurance company's mishandling of claims. The First Department affirmed the trial court's jury instruction which required the policyholder to prove both that the insurance company mishandled the claim, and that the policyholder suffered damages as a result:

> The trial court properly followed the New York standard that in order for [the policyholder] to recover on its counterclaim for [the insurance company's] alleged breach of the duty of good faith and fair dealing in the handling of insurance claims, defendant had to prove not only that [the insurance company] materially "mishandled" claims, but that defendant also incurred damages as a result thereof (<u>see</u> <u>Canstar v. Jones Constr. Co.</u>, 212 A.D.2d 452, 622 N.Y.S.2d 730).

<u>Id.</u> at 319-20. Consistent with Court of Appeals precedent, the trial court properly permitted the insurance company's claim handling instructions to be admitted into evidence "so that [the policyholder] could argue that the plaintiff's alleged departures from the instructions evinced a failure to act reasonably." <u>Id.</u> at 319. Impaxx should be permitted to develop the facts that will show that Federal did not follow its own claims-handling procedures, and that Impaxx suffered damages as a result of Federal's failure.

        <u>Commissioners of the State Insurance Fund v. Photocircuits Corp.</u>, 20 A.D.3d 173, 182, 798 N.Y.S.2d 367, 373 (1st Dep't 2005), another First Department Appellate Division decision, also makes clear that an insurance company's administration and defense of claims is to be scrutinized in appropriate circumstances. In that case, the policyholder defendant opposed a motion for summary judgment on a claim for failure to pay a retrospective premium by claiming its insurance company breached the insurance policy by when it mishandled claims, including, among other things, by making payments to an imposter, failing to appear at hearings, and failing to submit timely applications to cap payments. The New York Supreme Court had granted the fund's motion for summary judgment for $466,100 and denied Photocircuits' application for additional discovery regarding the parties' performance under the contract.

Honorable Miriam Goldman Cedarbaum
May 9, 2008
Page 4

ReedSmith

The Appellate Division reversed the decision of the trial court, stating that: "[w]orker's compensation insurance policies are no more than contracts, and as such are governed by the ordinary rules of contractual construction." id. at 180-81 (citations omitted). Additionally, the court explained that New York cases rejecting the application of the covenant of good faith and fair dealing in the retrospective insurance context "cannot be read to give the [insurance company] a blanket excuse for a failure to even minimally comply with its basic contractual obligation to perform in a reasonable manner." Id. at 182. The Photocircuits court thus held that whether an insurance company has "met its basic obligation to perform its duties to [the insured] under the policy in a reasonable manner" is a legitimate issue of fact in disputes over retrospectively rated premiums." Id.; see also Transportation Ins. Co. v. Star Indus., Inc., No. CV 01-1341 (ARL), 2005 WL 1801671, at *6 (E.D.N.Y. July 28, 2005) (citing Photocircuits for the proposition that mismanagement of claims under retrospectively rated policies may give rise to breach of the policies).

As in Photocircuits and Star Industries, Impaxx should be permitted to present evidence as to whether Federal met its obligation to perform its duties in a reasonable manner under the insurance policy at issue. This Court cannot adequately assess a motion for summary judgment unless and until Impaxx has had an opportunity to fully develop all pertinent facts. Accordingly, a motion for summary judgment at this time will be a waste of both the parties' and the Court's time. Impaxx therefore requests that the Court direct Federal to wait until the close of discovery to file its motion for summary judgment on Impaxx's claims.

Respectfully,

Jean M. Farrell

cc: William Shelley (via electronic filing)
JMF:dp