

# COZEN
# O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**William P. Shelley**
Direct Phone   215.665.4142
Direct Fax     215.701.2442
wshelley@cozen.com

May 12, 2008

**BY ELECTRONIC FILING**

Honorable Miriam Goldman Cedarbaum
United States District Judge
United States Courthouse
500 Pearl Street, Room 1330
New York, NY 10007

    Re:    **Impaxx, Inc. v. Federal Insurance Company**
            **United States District Court / Southern District of New York**
            **07 Civ. 11051 (MGC)**

Dear Judge Cedarbaum:

    I write in brief reply to Ms. Farrell's May 9 letter to Your Honor written at the Court's direction following our May 6, 2008 Pre-Argument Conference. It was my understanding that that Impaxx's letter was to provide citations to case law supporting its contention that a cognizable cause of action/defense exists under New York law against an insurer in a retrospective premium claim for delay in advising an insured of a settlement demand. No such cases are quoted. Instead counsel for plaintiff has taken the opportunity to provide a first strike opposition to a Motion for Summary Judgment which has not yet been filed.

    In Federal's view, there are two separate questions to be discussed here. The first is whether, as a matter of law, there is a viable cause of action in New York for the types of claims Impaxx makes. New York has followed the longstanding rule that an insured does not have a cognizable cause of action against an insurer for breach of the implied covenant of good faith in the context of a retrospective workers compensation policy. The decision in Commissioners of the State Ins. Fund v. Photocircuits Corp., 20 A.D. 3d 173, 798 N.Y.S.2d 367 (App. Div. 2005), cited by Impaxx for the opposite proposition, is inapposite on the present facts. Photocircuits instead stands for the very narrow proposition that an insurer is not entitled to summary judgment when the insurer engages in egregious conduct that goes beyond mere negligence, and fails to satisfy the most minimal of claims-handling standards.

Honorable Miriam Goldman Cedarbaum
May 12, 2008
Page 2

---

In its May 9, 2008 letter to the Court, Impaxx argues that summary judgment was inappropriate under the facts of Photocircuits because the insurer, State Insurance Fund ("The Fund"), mishandled claims, by, *inter alia*, "making payments to an imposter, failing to appear at hearings, and failing to submit timely applications to cap payments." Impaxx fails to fully discuss, however, the severe nature of those mistakes, which included: 1) paying *lifetime* benefits to two claimants, both of whom suffered from pre-existing injuries known to the insurer; 2) paying a claimant $39,000 *after* learning that the claimant was an imposter; 3) failing altogether to appear at workers' compensation hearings; 4) misplacing claims files and incurring penalties from the Compensation Board for repeated delays; and, 5) failing to file a timely appeal which resulted in a $40,000 settlement against the insured.

In fact, Photocircuits reaffirmed the longstanding general rule, found in Ins. Co. of Greater N.Y. v. Glen Haven Residential Health Care Facility Inc, 253 A.D.2d 378, 379, 676 N.Y.S.2d 176 (App. Div. 1998), and Comm. of the State Ins. Fund v. J.D.G.S. Corp., 253 A.D.2d 368, 676 N.Y.S.2d 575 (App. Div. 1998), that New York does not recognize a breach for the implied duty of good faith in the context of a retrospective workers' compensation policy: "Both Glen Haven and J.D.G.S. deal with workers' compensation claims, and, in the ordinary course would provide plaintiff with immunity from the type of defense Photocircuits is asserting here." This rule would apply unless the insurer failed to fulfill the its most basic duties under the policy: "The facts here are extreme, and our ruling reversing the grant to summary judgment in favor of the Fund should not be considered as relaxing the rule articulated in Glen Haven and J.D.G.S." (emphasis added). Impaxx does not, indeed cannot, allege that Federal committed any such extreme mistakes and Photocircuits is therefore inapposite to the question of whether summary judgment is appropriate on the present facts.

In addition, the Court raised the question of causation at the conference. The Court wanted to know what causal nexus existed between any of the alleged claims-handling errors and pecuniary harm to Impaxx. Other than repeating its conclusory allegations of poor claims handling, however, Impaxx has not identified, much less explained, how any alleged poor claims handling by Federal actually caused any claim to be resolved on less favorable terms.

Put simply, while Impaxx may have identified a limited exception to the rule that New York does not recognize a breach of the implied duty of good faith in the context of a retrospective workers' compensation policy, it cannot point to any egregious conduct by Federal that arguably might justify a rare exception to this rule. Accordingly, a prompt summary judgment motion at this juncture is wholly appropriate. We are prepared to file same by next Monday.

Respectfully yours,

COZEN O'CONNOR

By: William P. Shelley

WPS
cc:    Jean M. Farrell, Esquire